DEBORAH GETTLEMAN, Esq. (SBN 267309)
ANTHONY GOLDSMITH, Esq. (SBN 125621)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
THOMAS CIMINO

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CIMINO<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>Defendant. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq.*]**<br><br>2. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]**<br><br>3. **Violation of the Unruh Civil Rights Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.   Thomas Cimino ("Plaintiff") is a quadriplegic man who has been discriminated against and deterred from receiving dental services at Western Dental and Orthodontics located at 2471 Cohasset Rd, Chico, CA 95926 ("Western Dental" or "the Facility"). Defendant and/or its employees and agents have discriminated against Plaintiff by refusing to modify its policies, practices and procedures to make the services offered by its office accessible. As a result, Plaintiff has been denied accessible dental services and the ability to obtain dental cleanings and X Rays because of Defendant's discriminatory policies. Despite good faith attempts to rectify the

inaccessible policies in question, Plaintiff has been unable to obtain Defendant's compliance with California and federal disability rights laws that require access to dental services equal to that offered to the general public. Plaintiff brings this lawsuit to enforce his rights under the Americans with Disabilities Act and supplementary California laws. He seeks an order requiring Defendant to adopt, maintain and enforce policies, practices and procedures to allow Plaintiff and other similarly situated people the opportunity to enjoy all offered dental services as required by law. Plaintiff also seeks damages, attorneys' fees, costs and litigation expenses.

**JURISDICTION**

2.   This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

3.   The United States District Court for the Eastern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

**VENUE**

4.   Venue in the Judicial District of the United States District Court for the Eastern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and property that is the subject of this action (i.e. the Facility) is located in this District in the City of Chico, California.

**THE PARTIES**

5.   At all times herein relevant, Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). He is impacted by partial paralysis that requires him to use a wheelchair for mobility. Plaintiff's condition affects the following body systems: Neurological, musculoskeletal, and/or cardiovascular. Plaintiff's physical impairment

substantially limits major life activities, including standing and walking. Plaintiff cannot perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of, has been diagnosed with and classified as having a physical impairment.

6. Defendant WESTERN DENTAL SERVICES, INC, ("Hereinafter, "Defendant") is, and at all times mentioned herein was, a corporation existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and based upon thereon alleges, that the above-named Defendant is the operator of the Facility and the provider of the dental services at issue herein.

7. Defendant owns and/or operates and/or leases the Facility, which is a public accommodation open to the public under the laws of the United States and the State of California. It operates as a business establishment under the laws of the State of California because it provides goods, services and facilities in exchange for money.

**STATEMENT OF FACTS**

8. On or about December 22, 2018 and again on March 14, 2019, Plaintiff visited the Facility as a dental patient.

9. On both occasions, Defendant refused to provide him with a dental cleaning or dental X rays.

10. On the two occasions at issue, he was told that he had to transfer out of his wheelchair to a chair or other seat in order to continue with a cleaning or to have X rays taken.

11. Plaintiff notified the staff that this option was not feasible because he was not able to transfer out of his wheelchair on his own, did not have staff to assist him with the transfer and most importantly, his disability prevented the transfer to another chair without extreme pain.

12. Plaintiff was not offered any alternatives that would have allowed him to receive an X ray or cleaning.

13. On Plaintiff's March 14 visit, Plaintiff asked to speak to a supervisor about Defendant's refusal to serve him and was informed that it was "protocol" to require a person with similar disabilities to Plaintiff to exit his wheelchair to obtain a cleaning or an X-ray.

- 3 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14. Plaintiff is a Medi-Cal patient and has very limited options for dental care that will take his insurance.

15. As a result of Defendant's refusal to serve him, Plaintiff has had to pay out-of-pocket for a dentist that was willing to accommodate his disability.

16. Defendant's above described policies constitute deviations from the most basic standards as set forth in the Americans with Disabilities Act and State disability rights laws. Public accommodations and businesses such as those operated or owned by Defendant at the Facility are required to adopt and modify policies and practices to avoid discriminating against people with disabilities.

17. Plaintiff has been frustrated and extremely upset due to Defendant's insensitive and illegal conduct. Plaintiff experienced difficulty, humiliation, embarrassment, frustration and other kinds of distress, as well as out of pocket costs, because of the failure of Defendant, despite repeated requests, to simply follow the law and provide and maintain access to a service that is required to be accessible. As a result, Plaintiff seeks general damages in an amount according to proof.

18. Based upon the conduct alleged above, Plaintiff is informed and believes that Defendant's behavior is intentional, and that it maintains discriminatory policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly situated.

**FIRST CLAIM
AGAINST DEFENDANT
(For Discriminatory Practices in Public Accommodations;
Violation of the Americans with Disabilities Act of 1990**)

19. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 18 above.

20. Plaintiff alleges that Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. § 12181(7).

21. As owners and operators of a place of public accommodation, Defendant is required to provide Plaintiff, as a disabled person, "full and equal enjoyment of the

goods, services, facilities, privileges, advantages, or accommodations" of the Facility.

22. Based on the foregoing, Defendant has intentionally refused, despite being aware of their obligations under the law, to serve Plaintiff based solely as his status as a person with a disability.

23. As a result, Plaintiff was denied full and equal enjoyment of and access to Defendant' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA, specifically 42 U.S.C. §§ 12182(b)(2)(A)(ii) and 12182(b)(2)(A)(iii).

24. Plaintiff has physical disabilities as alleged above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular. Further, Plaintiff's physical impairments substantially limit major life activities including standing and walking. Moreover, Plaintiff has a history of, has been diagnosed and classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

25. One of the specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. § 12182(b)(2)(A)(ii), proscribes the following: "a failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." The foregoing section requires Defendant to demonstrate policies, practices or procedures that would allow Plaintiff to receive a dental cleaning and dental X rays either at the Facility or to contract out these services at Defendant's expense to ensure people with disabilities are able to enjoy dental services on the same basis as the general public.

26. Another of the specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. § 12182(b)(2)(A)(iii), proscribes the following: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden…" As demonstrated herein, Defendant conspicuously failed to provide necessary aids and services to ensure that Plaintiff could

receive dental care.

27. Based on the facts and allegations pled herein, Defendant unreasonably failed and refused to modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendant's services, facilities, privileges, advantages or accommodations, as required by the ADA and did not mitigate the failure to provide accessible dental services through auxiliary aids and/or services.

28. Based on the facts and allegations pled in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendant are ordered to adopt policies and procedures and/or provide auxiliary aids and services that comport with the requirements of the ADA and will allow Plaintiff and those similarly situated to receive dental care. Plaintiff alleges that Defendant's discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendant. Plaintiff desires to return to Defendant's place of business but is deterred from doing so because of the discriminatory policies, practices and procedures of Defendant. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to ensure that Defendant comply with the applicable requirements of the ADA.

**SECOND CLAIM
AGAINST DEFENDANT
(For Denial of Full and Equal Access; Violation of the Disabled Persons Act)**

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 28 above.

30. Plaintiff alleges that Defendant has discriminated against him in the past and continues to do so and has violated (and continues to violate) his rights under §§ 54 and 54.1 of the California Civil Code.

31. At all times relevant to this Action, California Civil Code §§ 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their

physical disabilities and that they shall have full and equal use of public facilities and other public places, such as a dental office.

32. Section 54(a) of the California Civil Code states that individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

33. Plaintiff is an individual with a disability as defined in California Government Code § 12926.

34. California Civil Code § 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

35. Each violation of the Americans with Disabilities Act also constitutes a violation of §§ 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law.  Plaintiff alleges that because of his disability he has been denied and continues to be denied the  full and equal access to Defendant's services in violation of §§ 54 and 54.1 of the California Civil Code   based both on Defendant's violation of his rights under the ADA and because of independent violations of his rights under §§ 54(a) and 54.1(a)(1) of the California Civil Code.

36. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in §§ 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under §§ 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

37. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Facility and the dental services offered thereat and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM**
**AGAINST DEFENDANT**
**(For Discriminatory Practices by a Business Establishment; Violation of the Unruh Civil Rights Act)**

38. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 37 above.

39. Based on the facts and allegations set forth in this Complaint, Plaintiff alleges that Defendant have discriminated against him and violated his rights under § 51 of the California Civil Code. The discriminatory misconduct and violation of Plaintiff's rights continues through the present day.

40. At all times relevant to this action, § 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.

41. Plaintiff is a disabled person and/or has a disability as defined by § 12926 of the California Government Code.

42. California Civil Code § 51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

43. Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code § 51.

44. Section 52(a) of the California Civil Code provides as follows:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

45.     The failure of Defendant to adopt and modify policies, practices and procedures or provide aids and services to Plaintiff were and are knowing and intentional violations of Plaintiff's rights under the ADA (triggering a violation of § 51(f)) and independently violate his rights under § 51(b).

46.     Parties who, like Defendant, own and/or operate places of public accommodation that provide dental services are familiar with the requirements to adopt, create, modify and maintain policies, practices and procedures and/or provide auxiliary aids and services so that people with disabilities have equal access to the services they provide.. Defendant failed to adopt or modify policies, practices and procedures and/or provide auxiliary aids and services to provide Plaintiff and persons similarly situated access to their services. The conduct is particularly offensive because of Plaintiff's repeated attempts to gain the cooperation of the Defendant without resort to litigation.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

## PRAYER FOR RELIEF

A.     For general and special damages pursuant to California Civil Code §§ 52, 54.3, 3281 and 3333, and/or under common law;

B.     For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code § 52, for each and every violation of California Civil Code § 51;

C.     In the alternative, to the damages pursuant to California Civil Code § 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages, pursuant to California Civil Code § 54.3 for each and every violation of California Civil Code § 54.1 and/or California Civil Code § 54;

D.     For injunctive relief pursuant to 42 U.S.C. section 12188(a)(2) and § 52 of the California Civil Code.  Plaintiff requests that this Court enjoin Defendant from continuing to do business at the Facility or any other location prior to adopting policies practices and procedures or obtaining auxiliary aids and services that comply with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendant to immediately make

the services offered at the Facility fully accessible including the adoption of policies practices and procedures and acquisition of auxiliary aids and services to ensure that Plaintiff and other persons similarly situated can make use of designated accessible features and receive all dental services available to the general public who seek or receive dental care from Defendant.  Plaintiff does not request any injunctive relief pursuant to §55 of the California Civil Code or § 19953 of the California Health & Safety Code;

  E. For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

  F. For such other further relief as the Court deems proper.

Date: November 25, 2019    DERBY, McGUINNESS & GOLDSMITH, LLP

            */s/ Deborah Gettleman*
            By DEBORAH GETTLEMAN, Esq.
            Attorneys for Plaintiff
            THOMAS CIMINO

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: November 25, 2019    DERBY, McGUINNESS & GOLDSMITH, LLP

            */s/ Deborah Gettleman*
            By DEBORAH GETTLEMAN, Esq.
            Attorneys for Plaintiff
            THOMAS CIMINO